**Jess R. BARRETT, Appellant,**

v.

**Harry K. McCRACKEN, Appellee.**

No. 4037.

Court of Civil Appeals of Texas.

Eastland.

Feb. 4, 1966.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellant.

James R. Collins, Amarillo, for appellee.

WALTER, Justice.

This is a temporary injunction case. On April 16, 1964, Jess R. Barrett sold some cesspool drilling equipment to G. E. Brown. Thereafter Brown sold the equipment and business to Harry K. McCracken. The contract for the sale of equipment from Barrett to Brown contained the following provisions:

"Seller agrees to notify purchaser of all cesspools or other drilling which he has orders for in order that purchaser may use said machine and to find work.

Seller agrees that he will not again enter into competition with purchaser or engage in the cesspool drilling business in Deaf Smith County, Texas, for a period of three years from this date and that said period of time and said territory to which seller is hereby limited it is agreed between the parties hereto to be reasonable in each of said respects and shall be subject to enforcement in a court of equity."

McCracken obtained a temporary injunction enjoining Barrett, his agents, servants and employees from:

"1. Notifying any person, persons or corporation other than Plaintiff of orders for cesspools or other drilling which he has acquired;

2. From assigning cesspool or other drilling contracts or orders obtained to any person, persons, or corporations other than Plaintiff;

3. Competing with Plaintiff by recommending, suggesting or otherwise channelling and directing persons and corporations who have requested Jess R. Barrett, his agents, servants and employees to do cesspool or other drilling work for them, or who have requested Jess R. Barrett, his agents, servants or employees to recommend a person, persons or corporation to do such work to any person, persons or corporations other than Plaintiff."

Appellant contends that the court erred in construing the terms of the contract be-

tween Brown and appellant as requiring appellant to notify Brown of any order for cesspools or other drilling work coming to his attention in the future.

 Barrett's contract with Brown obligated him to notify Brown "of all cesspools or other drilling which he has orders for—". It also obligated Barrett not to enter into competition with Brown. The Barrett-Brown contract was a contract to sell some equipment with a noncompetition agreement. The Brown-McCracken contract provided for the sale of trucks and drilling equipment and "the trade name, good will, advertising benefits and all uncompleted drilling contracts now on the books of Brown Drilling Company."

> "In the absence of fraud or mistake, the courts will not make a new contract for the parties or add to, modify, or change in any particular the agreement that they have made." 13 Tex.Jur.2d, page 308, §§ 130, 131.

> "As a general rule, words and phrases used in a contract will be accorded their ordinary, popular, and commonly accepted meaning." 13 Tex.Jur.2d, page 312, § 135.

 "Has" is a present tense word. After making the contract with Brown, Barrett was obligated to notify him "of all cesspools or other drilling which he has orders for" on the date of the contract but not in the future. In McCabe v. New York Central & H.R.R. Co., 139 App.Div. 698, 124 N.Y.S. 652, the court was construing the meaning of the following receipt:

> "In full settlement and satisfaction of all claims and demands whatsoever which Felix McCabe has or may have against the West Shore Railroad Company and the New York Central & Hudson River Railroad Company, or either of them, by reason of damages to land of said Felix McCabe, in the town of Haverstraw, Rockland County, N.Y., from the overflow of water and the washing out of sand and other soil and materials adjoining the West Shore Railroad; for all expenses by reason of said overflow and washing out; for conveyance of a parcel of land; and for general release, $500.00."

and the Court said:

> "Before passing to the further reasoning of the court, let us determine, if we may, whether it is true that the receipt given by the plaintiff in the settlement of 1895, covered 'past, present, and future damages.' That it covered past and present damages is not, of course, open to dispute; * * *.

> The receipt, if it means anything, means that the claims and demands then existing were to be settled and disposed of, * * *.

> The receipt here in question is speaking of the present; * * *. It does not mention the future in any manner; it would never occur to any one reading this release that it was intended to give the defendant a permanent license to flood his lands for the sum of $500, and, as the language used is not ambiguous, there is no occasion for introducing words which the parties themselves did not intend to use."

The appellant also has a point contending that the court erred in granting the temporary injunction because it contains no limitations as to time or geographic area. Appellee agrees that it should be limited to three years from the date of the contract and to Deaf Smith County as provided for in the contract.

 The intention of the parties was clearly expressed in unambiguous language. The temporary injunction covers a broader field than the words used in the contract contemplated. If Barrett has any cesspool drilling which he had orders for on April 16, 1964, he is obligated to deliver such orders to McCracken. Barrett is obligated under the contract not to engage in the cesspool

drilling business in Deaf Smith County, Texas, for a period of three years from April 16, 1964. The judgment is reversed and remanded with instruction to enter a temporary injunction consistent with this opinion.

The judgment is reversed and remanded.